UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW D. WALKER,

      Plaintiff,

     v.

MATTHEW DEAN, Deputy Sheriff in
Individual and Official Capacity, and
NIAGARA COUNTY SHERIFF'S
DEPARTMENT, Official Capacity,

      Defendants.

26–CV–6177–MAV
ORDER

---

## INTRODUCTION

*Pro se* plaintiff Matthew D. Walker is incarcerated at the Niagara County Jail. He filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Walker claims that he is currently detained based on evidence fabricated by Deputy Sheriff Matthew Dean ("Dean"). *Id.* at 4-5. He also filed a motion for leave to proceed *in forma pauperis*, ECF No. 7, and two motions for appointment of counsel, ECF Nos. 3, 8.

Because Walker's motion to proceed *in forma pauperis* meets the requirements of 28 U.S.C. § 1915(a) and includes the required certification and authorization, the Court grants the motion and screens the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons set forth below, the Court dismisses claims against the Niagara County Sheriff's Department ("NCSD") without leave to amend. The complaint is otherwise dismissed with leave to amend. Walker's motions for appointment of counsel are denied without prejudice.

## BACKGROUND

Walker's allegations are difficult to decipher, but a liberal reading of the complaint appears to tell the following story, which the Court accepts as true for purposes of screening the complaint. Walker entered the Department of Social Services located at 20 East Avenue in Lockport, NY on various dates in November 2024. ECF No. 1 at 4-5. Some confusion about his identification and his benefits card ensued. *Id.* at 5. Instead of sorting out the confusion, Dean allegedly concocted false and misleading information and arrested Walker.[1] *Id.*

Walker sues Dean and the NCSD.[2] *Id.* at 2. Although Walker asserts claims under the Fourth and Fifth Amendments to the United States Constitution, liberally

---

[1] The Niagara County Sheriff's Office website indicates that Walker was arrested on November 20, 2024, and charged with possessing a forged instrument and criminal possession of a weapon. *See* Niagara County Sheriff's Office, Incarcerated Individual Search, search result for Matthew Delroy Walker, https://www.niagarasheriff.com/incarcerated/ (last accessed April 17, 2026); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (courts may take judicial notice of public records); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

[2] The Court notes that despite alleging that "Maria Stoleting" presented the fabricated evidence to the Court, ECF No. 1 at 4, Walker does not sue this individual. That may have been intentional and, therefore, the Court does not construe the complaint as asserting claims against "Stoleting." Based on the allegations set forth in the complaint—which indicate she is one of the prosecutors assigned to Walker's criminal case—if Walker had sued her, she would not be subject to liability under 42 U.S.C. § 1983. *See* https://www.niagaracounty.gov/departments/a-f/district_attorney/index.php listing Maria H. Stoelting as Niagara County's Executive Assistant District Attorney (last accessed Mar. 12, 2026). This is because prosecutors performing traditional prosecutorial activities are accorded absolute immunity from § 1983 suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976). The immunity covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). This "encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation," including decisions regarding when or if to prosecute a case. *Barrett v. United States*, 798 F.2d 565, 571–72 (2d Cir. 1986). "Such functions include the decision to bring charges against a defendant, presenting evidence to a grand jury, and the evaluation of evidence prior to trial[.]" *Kendrick v. Troche*, No. 18-CV-6932 CJS, 2019 WL 4072754, at *5 (W.D.N.Y. Aug. 29, 2019) (internal citations omitted). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused." *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004).

construed, the complaint asserts claims under the Fourth and Fourteenth Amendments for false arrest, malicious prosecution, and fair trial (based on the presentation of false evidence).[3] *Id.* at 2-5. Because Walker asserts claims against Dean in his official capacity, *id.* at 2, the Court has also considered whether the complaint plausibly alleges a municipal liability ("*Monell*") claim. He seeks $1,100,000 in damages. *Id.* at 6.

## LEGAL STANDARDS

### I. Review Under the IFP Statute

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### II. Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage,*

---

[3] Although Walker complains of mental health and medical injuries stemming from his unlawful arrest and prosecution, ECF No. 1 at 6, the Court does not construe the complaint as asserting an inadequate medical care claim. Even if so construed, such claim would fail because Walker alleges neither the personal involvement of any defendant nor the "*mens rea*" prong of an inadequate medical care claim, that is, that a defendant "acted with deliberate indifference to [his serious medical] needs." *Charles v. Orange County,* 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Darnell v. Pineiro,* 849 F.3d 17, 29 (2d Cir. 2017)).

318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid sua sponte dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

4

harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### III. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137,

5

144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

## IV. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

## I. Niagara County Sheriff's Department

Walker has named the NCSD as a Defendant in this action. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). The NCSD is considered an administrative arm of Niagara County and therefore is not subject to suit under § 1983. *See Davis v. Niagara Cnty. Dep't of Soc. Servs.*, No.

6

19-CV-904 (JLS), 2021 WL 12355572, at *3 (W.D.N.Y. Jan. 5, 2021) (dismissing Niagara County Sheriff's Department).

Therefore, all claims against the NCSD are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend. As discussed in the next section, Niagara County cannot be held liable under § 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658, 694 (1978).

## II. Official Capacity

Walker names Dean in his individual and official capacities. ECF No. 1 at 2. Niagara County is the real party in interest for official capacity claims asserted against defendants employed by Niagara County law enforcement agencies. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). But a municipality, like Niagara County, cannot be held liable under § 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell*, 436 U.S. at 694.

To state such a claim, frequently referred to as a *"Monell* claim," a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by

> policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 453 (E.D.N.Y. 2021) (collecting cases).

The complaint does not allege any facts suggesting that Walker's rights were violated pursuant to a policy or custom of Niagara County. Walker therefore has failed to state a viable *Monell* claim and this claim is dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Walker is *pro se,* he is granted leave to amend the claims against Niagara County to allege, if facts exist, that the constitutional violations alleged were caused by a policy or custom of Niagara County.

## III. False Arrest, Malicious Prosecution, Fair Trial (False Evidence)

Because it appears that a parallel criminal prosecution is ongoing, *see* ECF No. 1 at 4 ¶ D, Walker must show that his false arrest, malicious prosecution, and fair trial claims are not *Heck*-barred. In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477 at 486–87 (1994); *see McDonough v. Smith*, 588 U.S. 109, 121 (2019) (extending *Heck*'s reach to ongoing prosecutions).

Accordingly, Walker's amended complaint must apprise the Court of the status of the criminal charges against him, for example, that the prosecution is ongoing, that he was convicted, that he was found not-guilty, or that the charges were dismissed. If his amended complaint does not address this issue, or if Walker does not file an amended complaint, the Court will stay the false arrest claim[4] until Walker can show that his prosecution ended without a conviction and dismiss his malicious prosecution and fair trial claims without prejudice to refiling once Walker can show that his prosecution ended without a conviction.

## IV. Motion to Appoint Counsel

Parties have no right to appointed counsel in civil cases. *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In deciding whether to appoint counsel, courts first assess the plaintiff's likelihood of success on the merits of his claim. *See Hodge v. Police Officers,*

---

[4] The Court will stay the false arrest claim to avoid prejudicing Walker should the statute of limitations run before the criminal case has concluded. This is because a § 1983 claim for false arrest "begins to run" at the time of the alleged constitutional violation, namely when the "claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."). Here, where the prosecution is ongoing, Walker's malicious prosecution and fair trial claims have not accrued and will not accrue until he "obtain[s] a *favorable termination* of the underlying criminal prosecution," i.e. the prosecution ends without a conviction. *Thompson v. Clark*, 596 U.S. 36, 39 (2022) (malicious prosecution); *see Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021) (fair trial). Consequently, the malicious prosecution and fair trial claims must be dismissed without prejudice to refiling once these claims accrue.

802 F.2d 58, 61 (2d Cir. 1986). If the claim meets that threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,]. . . the plaintiff's apparent ability to present the case[,]. . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,]. . . [and the plaintiff's] efforts to obtain counsel." *Id.*

At this early stage, where no claims are yet proceeding to service, the Court cannot assess Walker's likelihood of success on the merits. Walker's amended complaint need only provide "a short and plain statement" of the facts "showing that [he] is entitled to relief." *See* Fed. R. Civ. P. 8(a). Walker need not provide legal argument. And all the information Walker needs to draft a successful amended complaint is within this Order.

This Court therefore denies Walker's motion to appoint counsel without prejudice to renewal at a later stage of the case. *See Sinclair v. Ralph & Joan Forgione Ests.*, No. 6:22-CV-06398 EAW, 2023 WL 4867308, at *4 (W.D.N.Y. July 31, 2023) (denying motion to appoint counsel as premature where court found that all claims were subject to dismissal under § 1915 but noting that plaintiff could "renew [his] motion[] if he submit[ted] an amended complaint and it proceed[ed] to service").

## CONCLUSION

For the reasons above, Walker's motion to proceed *in forma pauperis*, ECF No. 7, is granted. After screening the complaint under 28 U.S.C. §§ 1915 and 1915A, the Court dismisses claims against the NCSD without leave to amend. The complaint is

otherwise dismissed with leave to amend. Walker may file an amended complaint by **May 18, 2026** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Walker is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Walker is further advised that he has been granted leave to amend only those claims addressed above—viz., false arrest, malicious prosecution, and fair trial, i.e., the claims that appear to be barred by *Heck*, and the *Monell* claim. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

## ORDER

IT HEREBY IS ORDERED that Walker's motion to proceed *in forma pauperis*, ECF No. 7, is granted; and it is further

ORDERED that Walker's motions for appointment of counsel, ECF Nos. 3, 8, are denied without prejudice; and it is further

ORDERED that Walker's claims against the Niagara County Sheriff's Department are dismissed for failure to state a claim under 28 U.S.C.

11

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend; the Clerk of the Court shall terminate this Defendant; and it is further

ORDERED that Walker's *Monell* claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim but with leave to amend; and it is further

ORDERED that Walker's false arrest, malicious prosecution, and fair trial claims are dismissed as *Heck*-barred, with leave to show that the claims are not *Heck*-barred; and it is further

ORDERED that Walker may file an amended complaint as directed above by no later than **May 18, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Walker with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Walker does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim will remain dismissed; his false arrest claim will be stayed pending his notifying the Court that his criminal prosecution ended without a conviction;[5] the malicious prosecution and fair trial claims will be dismissed without prejudice to refiling if and when Walker can show that his criminal prosecution ended without a conviction; and it is further

---

[5] In the event of a stay, to lift the stay and proceed with his false arrest claim, Walker must notify the Court in writing no later than 30 days after the conclusion of the criminal proceeding.

12

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Walker must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:      April ___17___, 2026
            Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

13